## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. POSTAL SERVICE,<br>475 L'Enfant Plaza, S.W.<br>Washington, DC 20260,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Postal Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly

requests records from federal agencies, analyzes the responses it receives, and disseminates its findings to the American public to inform them about "what their government is up to."

4. Defendant U.S. Postal Service is an agency of the U.S. Government and is headquartered at 475 L'Enfant Plaza S.W., Washington, DC 20260. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 21, 2021, Yahoo! News reported that the law enforcement arm of the U.S. Postal Service has been "running a program that tracks and collects Americans' social media posts, including those about planned protests." According to a document obtained by Yahoo! News, this surveillance effort is known as the Internet Covert Operations Program (iCOP).

6. On April 27, 2021, Plaintiff sent a FOIA request to the U.S. Postal Service, seeking access to the following:

> 1. All records from January 1, 2020 to the present identifying criteria for flagging social media posts as "inflammatory" or otherwise worthy of further scrutiny by other government agencies.
>
> 2. All records from January 1, 2020 to the present relating to the Internet Covert Operations Program's database of social media posts.
>
> 3. All records and communications from January 1, 2020 to the present between any official of the U.S. Postal Inspection Service and any official of the Federal Bureau of Investigation and/or the U.S. Department of Homeland Security regarding the Internet Covert Operations Program.
>
> 4. All social media posts that the Internet Covert Operations Program has flagged and forwarded to other government agencies.

      5.      Any analyses outlining the authority of the U.S. Postal Inspection Service to monitor, track, and collect Americans' social media posts.

      6.      All records concerning the reasons for the U.S. Postal Inspection Service to monitor, track, and collect Americans' social media posts.

      7.      All records of communication sent to and by Chief Postal Inspector Gary Barksdale from January 1, 2020 to the present regarding the Internet Covert Operations Program.

7.      By letter dated April 29, 2021, the U.S. Postal Inspection Service (USPIS), a component of the U.S. Postal Service, acknowledged receiving Plaintiff's request on April 27, 2021 and advised Plaintiff that the request had been assigned FOIA Tracking Number 2021-FPIS-00326.  USPIS also advised Plaintiff that it was invoking FOIA's 10-day extension of time provision for "unusual circumstances."

8.      As of the date of this Complaint, USPIS has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9.      Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.      Defendant is in violation of FOIA.

11.      Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12.      Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by June 9, 2021 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 29, 2021				Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel:	(202) 646-5172
Fax:	(202) 646-5199
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*